UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____

LUXOTTICA GROUP S.p.A., an
Italian corporation,

      *Plaintiff,*

  v.                                      Case No. _____

PRIME WAY, LLC, a Rhode Island
limited liability company,

      *Defendant.*

_____

## COMPLAINT

Plaintiff Luxottica Group S.p.A. ("Luxottica Group"), by and through undersigned counsel, hereby sues Defendant Prime Way LLC ("Defendant"), and alleges:

## INTRODUCTION

1. This case concerns the violation of the intellectual property rights of Luxottica Group by Defendant's sale of sunglasses in Rhode Island bearing counterfeits of Luxottica Group's Ray-Ban trademark (the "Counterfeit Merchandise"). Through this action, Luxottica Group seeks to address Defendant's counterfeiting activities, as well as to protect unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise. Luxottica Group has been and continues to be irreparably harmed through consumer confusion and tarnishment of its valuable trademark as a result of Defendant's unlawful actions.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a trademark claim arising under 15 U.S.C. §§ 1114 (the "Lanham Act").

3. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants maintain a principal place of business and continue to infringe Luxottica Group's famous trademark in this Judicial District.

## PARTIES

4. Plaintiff Luxottica Group S.p.A. is an Italian corporation with its principal place of business in Milan, Italy.

5. Defendant Prime Way LLC is a limited liability company organized and existing under the laws of the State of Rhode Island with a principal place of business in Warwick, Rhode Island. Prime Way operates a gas station convenience store under the trade name "Sunshine Mini Mart" located at 91 Veterans Memorial Blvd., Warwick, Rhode Island 02886. As alleged herein, Prime Way is directly engaging in the promotion and sale of counterfeit and infringing products within this Judicial District.

## FACTUAL ALLEGATIONS

**A. The World-Famous Luxottica Brands and Products**

6. Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

7. Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

8. Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including Rhode Island.

9. Luxottica Group has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to, those detailed in this Complaint.

10. Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban trademarks. As a result, products bearing the Ray-Ban trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

11. Luxottica Group is the owner of the following United States Federal Trademark Registration (the "Ray-Ban Mark"):

| **Registration Number** | **Trademark** | **Good and Services** |
|---|---|---|
| 650,499 | *Ray-Ban* | For: sunglasses, shooting glasses, and ophthalmic lenses in class 9. |

12. Luxottica Group has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Mark.[1]  This registration is valid and subsisting and is incontestable.

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb, were assigned in full to Luxottica Group in 1999.

13. The registration of the Ray-Ban Mark constitutes *prima facie* evidence of its validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Mark in connection with the goods identified therein and other commercial goods.

14. The registration of the Ray-Ban Mark also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Mark.

15. The Ray-Ban Mark qualifies as a famous mark, as that term is used in 15 U.S.C. § 1125(c)(1).

16. The Ray-Ban Mark at issue in this case has been continuously used in interstate commerce and has never been abandoned.

**B.  Defendants' Infringing Conduct**

17. On December 23, 2020, Luxottica Group's investigator visited Prime Way's convenience store located at 91 Veterans Memorial Blvd., Warwick, Rhode Island 02886. During that visit, the investigator discovered that Defendant was advertising, publicly displaying, and offering for sale approximately one dozen sunglasses bearing logos and source-identifying indicia and design elements that are imitations of the Ray-Ban Mark.

18. Luxottica Group's investigator purchased one pair of sunglasses for a total of $9.99 plus tax. Photographs of the counterfeit sunglasses and the purchase receipt are depicted below:




19. Luxottica Group subsequently inspected the purchased item and determined that the sunglasses infringed Luxottica Group's Ray-Ban Mark.

20. Defendant has no license, authority, or other permission from Luxottica Group to use the Ray-Ban Mark in connection with the advertising, promoting, distributing, displaying, selling, and/or offering for sale of the Counterfeit Merchandise.

21. The forgoing acts of the Defendant constitutes direct and willful trademark infringement in violation of federal law.

22. The foregoing acts of the Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and sold by Defendant are authentic or authorized products of Luxottica Group.

23. The activities of the Defendant, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

24. Defendant is well-aware of the extraordinary fame and strength of the Ray-Ban brand, the Ray-Ban Mark, and the incalculable goodwill associated therewith.

25. Defendant's knowing and deliberate hijacking of Luxottica Group's famous trademark, and sale of Counterfeit Merchandise has caused, and continues to cause, substantial and irreparable harm to Luxottica Group's goodwill and reputation. In addition, the damages caused by Defendant are especially severe because the Counterfeit Merchandise is cheap and inferior in quality to products bearing authentic Ray-Ban trademarks.

26. The harm being caused to Luxottica Group is irreparable and Luxottica Group does not have an adequate remedy at law. Luxottica Group therefore seeks the entry of an injunction preventing the sale of Counterfeit Merchandise by Defendant.

27. Luxottica Group also seeks damages as a result of Defendant's knowing, deliberate and willful disregard of the activities infringing Luxottica Group's Ray-Ban Mark.

## COUNT I
### Trademark Counterfeiting
### (15 U.S.C. § 1114)

28. Luxottica Group repeats and realleges the allegations set forth in Paragraphs 1 through 27 above.

29. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of Luxottica Group's Ray-Ban Mark.

30. Defendant has promoted, advertised, offered for sale and sold products bearing counterfeits of one or more of Luxottica Group's Ray-Ban Mark without Luxottica Group's permission.

31. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and sold by Defendant are authentic or authorized products of Luxottica Group.

32. Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

33. Defendant has directly and willfully infringed Luxottica Group's Ray-Ban Mark under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Luxottica Group S.p.A. respectfully requests that this Court enter judgment in its favor and against Defendant Prime Way LLC, as follows:

A.  Finding that: Defendant has violated Section 32 of the Lanham Act (15 U.S.C. §§ 1114);

B.  Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendant, its agents, employees, vendors and attorneys, and all those persons or entities in active concert or participation with it from:

1.  importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear Luxottica Group's Ray-Ban Mark, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Merchandise, and engaging in any other activity constituting an infringement of any of Luxottica Group's rights in the Ray-Ban Mark;

2.  engaging in any other activity constituting unfair competition with Luxottica Group, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica Group;

C.  Requiring Defendant to file with this Court and serve on Luxottica Group within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

D.  Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been imported, advertised, marketed, promoted, supplied, distributed,

offered for sale, or sold by Defendant, has been authorized by Luxottica Group, or is related in any way with Luxottica Group and/or its products;

  E. Awarding Luxottica Group statutory damages for willful trademark counterfeiting in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

  F. Awarding Luxottica Group its costs, investigatory fees, and expenses;

  G. Awarding Luxottica Group pre-judgment interest on any monetary award made part of the judgment against Defendant; and

  H. Awarding Luxottica Group such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group requests a trial by jury in this matter.

        Respectfully submitted,
        LUXOTTICA GROUP S.p.A
        By their Attorneys,

        /s/ Stephen M. Prignano
        Stephen M. Prignano (3649)
        **MCINTYRE TATE LLP**
        50 Park Row West, Suite 109
        Providence, Rhode Island 02903
        (401) 351-7700
        SPrignano@McIntyreTate.com

Dated this 12th day of February 2021.